UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN JAMES RAAB, SR.,

    Plaintiff,

v.                                                Case No:   6:14-cv-1411-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

    Plaintiff, John James Raab, Sr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Supplemental Security Income ("SSI") benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for SSI benefits on January 27, 2012, alleging an onset of disability beginning February 11, 2011. (Tr. 178-83). Plaintiff's application was denied initially February 27, 2012, and upon reconsideration May 3, 2012. (Tr. 104-09, 120-24). At Plaintiff's request, and administrative hearing was held before Administrative Law Judge George Gaffaney (the "ALJ") on May 23, 2013. (Tr. 42-79). On July 11, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 20-36). Plaintiff appealed the ALJ's decision and, on July 16, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). The parties having filed a Joint Memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 26, 2012, the date of Plaintiff's application. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, history of right knee pain with arthroscopic anterior cruciate ligament allograft reconstruction, obesity, depression, and attention deficit hyperactivity disorder. (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that

meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b). In terms of exertional limitations, the claimant is limited to only occasional lifting of twenty pounds, frequent, rather than constant, lifting of ten pounds, and sitting and standing six hours in an eight-hour workday. In addition, the claimant can occasionally climb stairs, stoop, balance, knee, crouch, and crawl. The claimant's mental impairments limit him to simple, routine tasks with only occasional interaction with the public.

(Tr. 25). At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 35). At step five, the ALJ relied upon the testimony of a vocational expert and found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically, that Plaintiff is capable of working as a housekeeper, photocopy machine operator, and as an advertising material distributor. (Tr. 35-36). The ALJ concluded that Plaintiff has not been under a disability since January 26, 2012. (Tr. 36).

**II. Analysis**

Plaintiff raises two issues on appeal. As presented in the parties Joint Memorandum, they are: (1) Whether the ALJ in formulating Plaintiff's residual functional capacity properly weighed the medical opinions of record; and (2) Whether the ALJ properly evaluated Plaintiff's credibility pursuant to Social Security Ruling 96-7p. The Court will address each issue in turn.

**A. Whether the ALJ in formulating Plaintiff's residual functional capacity properly weighed the medical opinions of record.**

Plaintiff argues that the ALJ erred by according "little weight" to the opinion of Plaintiff's treating physician, Nageh Barsoum, M.D. (Doc. 16 p. 14-20). Plaintiff contends that the ALJ merely stated that Dr. Barsoum's opinion was inconsistent with the record as a whole without

further explanation. (Doc. 16 p. 16). According to Plaintiff, Dr. Barsoum's opinion is, in fact, consistent with his own treatment records and is supported by the medical evidence of record. Finally, Plaintiff argues that the ALJ erred by according greater weight to the opinion of non-examining state agency medical consultant Sharmistha Desai, M.D., than to Dr. Barsoum. (Doc. 16 p. 18).

Defendant responds that while Plaintiff may disagree with the ALJ's determination to give Dr. Barsoum's opinion "little weight," Plaintiff has failed to show that the ALJ did not provide "good cause" in accordance with the proper legal standards or that substantial evidence did not support the ALJ's determination. (Doc. 16 p. 21). Defendant argues that the ALJ properly noted that Dr. Barsoum's opinion concerns an opinion reserved for the Commissioner, and that the ALJ provided specific reasons for giving limited weight to Dr. Barsoum's opinion. (Doc. 16 p. 21-22).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

If an ALJ concludes that the medical opinion of a treating physician should be given less than substantial or considerable weight, the ALJ must clearly articulate reasons showing "good cause" for discounting it. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

In his decision, the ALJ explained his rationale for according little weight to Dr. Barsoum's opinion as follows:

> On April 19, 2012, treating practitioner Nageh Barsoum, M.D., opined that the claimant was unable to sustain full time work activity as a result of his various physical impairments, namely bulging cervical and lumbar discs, insomnia, right knee pain, and erosive gastritis (Exhibit 7F). Although Dr. Barsoum is a treating source, his opinion is given little weight, as it is inconsistent with the record as a whole, including Dr. Barsoum's own mild examination findings indicating moderate pain, but otherwise normal gait, muscle strength, and range of motion (Exhibit 4F, 10F). In addition, the determination that a claimant is or is not able to perform sustained full time work activity is an issue reserved to the Commissioner of Social Security (SSR 96-5p). As a result, this opinion is entitled to little weight.

(Tr. 34).

Here, the Court finds that the ALJ did not err by according Dr. Barsoum's opinion little weight as the ALJ sufficiently articulated his reasons for doing so. First, the ALJ was correct that opinions concerning whether a claimant is disabled or unable to work "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(d); *see Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013).

Furthermore, the ALJ provided specific reasons for giving limited weight to Dr. Barsoum's opinion. As the ALJ noted, Dr. Barsoum's own records, which showed moderate pain, but otherwise normal gait, muscle strength, and range of motion, did not support Dr. Barsoum's opinion that Plaintiff was incapable of sustaining full time work activity. (Tr. 34, 365, 374, 386, 423, 436-37, 454, 461). Although Plaintiff cites to the findings of specialist Dr. Matuk as evidence that Dr. Barsoum's opinion is, in fact, consistent with the record, the Court does not find that the ALJ erred by finding Dr. Barsoum's opinion inconsistent. For example, while Dr. Matuk noted that Plaintiff's neck was markedly limited in all directions, that Plaintiff had tenderness posteriorly but no spasm, that he had moderate to severe limitation to flexion and exertion, that he had straight leg raise test positive at 70 degrees on the left side and 30 degrees on the right side, that he had diminished pinprick modalities involving both upper and lower extremities, Dr. Matuk also found that Plaintiff showed normal muscle tone and fairly adequate proximal and distal strength in his arms and legs, that Plaintiff had no radiculopathy or myelopathy. (Tr. 414-15). The findings from Dr. Matuk do not undermine the ALJ's decision to accord little weight to Dr. Barsoum's opinion.

Finally, the Court finds that the ALJ's decision to accord great weight to the opinion of non-examining consultant Dr. Desai while giving Dr. Barsoum's opinion little weight does not warrant remand. In explaining his decision to give little weight to Dr. Barsoum's opinion, the ALJ did not directly cite to Dr. Desai's opinion as grounds for his decision, but rather to the fact that Dr. Barsoum's opinion was not supported by the record as a whole nor by his own examination findings. As shown above, this finding was supported by substantial evidence. "State agency medical specialists are highly qualified physicians, psychologists, and other medical specialist as opinion evidence, except for the ultimate determination about whether you are disabled." 20 C.F.R. § 416.927(e)(2)(i). The ALJ did not err in relying on this opinion.

Upon review, the Court must affirm the Secretary's factual findings if supported by substantial evidence, even if the evidence preponderates against the Secretary's factual findings. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005). This Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, even when the evidence preponderates against the ALJ's decision. *Id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). The ALJ's decision to accord Dr. Barsoum's opinion little weight was supported by substantial evidence and the Court will not disturb the ALJ's finding on appeal.

### B. Whether the ALJ properly evaluated Plaintiff's credibility pursuant to Social Security Ruling 96-7p.

Plaintiff argues the ALJ erred by failing to consider the record as a whole when evaluating Plaintiff's credibility. (Doc. 16 p. 25). Plaintiff contends that the ALJ selectively mentioned parts of the record out of context in which they were written. (Doc. 16 p. 25). In response, Defendant argues that the ALJ provided sufficient reasons supported by substantial evidence to support his credibility finding. (Doc. 16 p. 26).

In the Eleventh Circuit, to establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 Fed. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If an ALJ discredits the subjective testimony of a plaintiff, then he must

"articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 Fed. App'x. at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "[T]he lack of consistency between an individual's statements and other statements that he or she made at other times does not necessarily mean that the individual's statements are not credible. Symptoms may vary in their intensity, persistence, and functional effects, or may worse or improve with time, and this may explain why the individual does not always allege the same intensity, persistence, and functional effects of his or her symptoms." SSR 96-7p.

In this case, the Court finds that the ALJ did not err when he found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they are inconsistent with the ALJ's RFC determination. In his decision, the ALJ explained that he based this finding on five reasons:

> First, the medical evidence in record establishes that the claimant's residual functional capacity is within the light exertional range. Second, the claimant's activities of daily living are inconsistent with the claimant's allegations. Third, the claimant's allegations are vague and equivocal. Fourth, the claimant's history of treatment is inconsistent with the claimant's allegations of totally disabling physical and mental impairment. Finally, the opinion evidence in record provides that the claimant's residual functional capacity is within the light exertional range.

- 10 -

(Tr. 26-27). The ALJ thereafter explained in thorough detail his five reasons for his credibility determination across eight and a half pages of his decision. *See* (Tr. 27-35). The ALJ's explanation amply cited to the record and, contrary to Plaintiff's claim, there is no indication that the ALJ failed to consider the record as a whole in reaching his decision. The ALJ's decision is supported by substantial evidence and will not be disturbed on appeal.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 25, 2016.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties